IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORI II and ROBERT MORI, | No. 2:07-cv-00295-JAM-GGH |
| Plaintiffs, | ORDER DENYING STAY OF PROCEEDINGS |
| v. | |
| ALLEN BARONI, ALECK DAMBACHER, LOUIS GIOVANNONI, in their individual capacities, | |
| Defendants. | |

Robert Mori II and Robert Mori (collectively, "Plaintiffs"), brought this action against Allen Baroni, Aleck Dambacher, and Louis Giovanni alleging civil rights violations under 42 U.S.C. § 1983 and state law claims arising out of the removal of trees from Plaintiffs' property. Defendants now move to stay the proceedings under the Younger abstention doctrine.

Plaintiffs oppose.  For the reasons stated below, Defendants' motion is DENIED.[1]

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In 2004, Plaintiffs purchased property within Reclamation District 348 ("RD 348").  In 2005, RD 348 hired Ford Construction Company Inc. ("Ford") to remove trees and vegetation on a levee on or near Plaintiffs' property. Plaintiffs allege that Ford, under the direction of RD 348, unlawfully removed trees from their property and seized and removed their farming equipment.

On March 1, 2006, Mori II filed his First Amended Complaint in state court in a lawsuit entitled Robert Mori II v. Ford Construction Company, Inc. ("Ford Action").  In that case, Mori II brought claims against Ford for conversion and destruction of property for removing the trees and farming equipment.  On May 16, 2006, RD 348 filed a complaint in intervention in the Ford Action for declaratory relief, damages, and a lien relating to fees for storing the farming equipment.

On February 13, 2007, Plaintiffs filed this action against Defendants Allen Baroni, Aleck Dambacher, and Louis Giovanni, trustees of RD 348, alleging violation of their civil rights, trespass, and conversion.

OPINION

"The Younger abstention doctrine, as originally articulated by the Supreme Court, 'forbid[s] federal courts [from] stay[ing]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

2

or enjoin[ing] pending state court proceedings.'"
AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1147 (9th Cir. 2007) (quoting Younger v. Harris, 401 U.S. 37, 41 (1971)).  The Ninth Circuit has applied the Younger doctrine to certain claims for damages under 42 U.S.C. § 1983, stating:

> Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding.

Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004).

Defendants allege that the Ford Action is a state proceeding of a judicial nature and that proceeding with Plaintiffs' § 1983 claim would interfere with the operation of the state court.  Therefore, they argue, Plaintiffs may not seek damages under § 1983 in this Court until the state court has resolved the Ford action.

In this case, however, Plaintiffs' § 1983 action does not directly challenge a state judicial proceeding as required by Gilbertson.  Rather, Plaintiffs are challenging the constitutionality of the actions of RD 348, an executive body. See Compl. ¶ 29 ("Defendants conspired to and knew their actions deprived plaintiffs of their property without their constitutional right to due process under the Fourteenth Amendment of the United States Constitution.")  In New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989) ("NOPSI"), the Supreme Court stated:

> Although our concern for comity and federalism has led us to expand the protection of Younger beyond state criminal

> prosecutions, to civil enforcement proceedings, and even to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, **it has never been suggested that Younger requires abstention in deference to a state judicial proceeding reviewing legislative or executive action.** Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.

(internal citations omitted)(emphasis added)(Younger doctrine did not apply court's review of a rate order). Unlike situations where courts have granted Younger abstention in civil cases, see e.g. Juidice v. Vail, 430 U.S. 327 (1977) (challenging contempt proceedings); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (U.S. 1987) (challenging state court bond procedures); Canatella v. State of California, 404 F.3d 1106 (9th Cir. 2005) (challenging California attorney discipline proceedings) the constitutional claim in this case does not relate to the operation of the state's judicial system. Because the basis of Plaintiffs' § 1983 claim is not the state court proceeding, but rather the actions of the trustees of RD 348, the Younger doctrine does not apply. Accordingly, the Court refuses to stay proceedings in this matter.

ORDER

For the reasons set forth above, Defendants' Motion to Stay Proceedings is DENIED.

IT IS SO ORDERED.

Date: July 23, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE