1  JAMES K. WARD, ESQ. (SBN # 117639)
   DANIEL P. JAY, ESQ. (SBN # 215860)
2  EVANS, WIECKOWSKI & WARD
   745 University Ave.
3  Sacramento, CA  95825
   Telephone:    (916) 926-1600
4  Facsimile:     (916) 926-1616

5  Attorneys for Defendants, ALLEN BARONI, ALECK
   DAMBACHER, and LOUIS GIOVANNONI
6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ROBERT MORI, II and ROBERT MORI,<br><br>         Plaintiffs,<br><br>    v.<br><br>ALLEN BARONI, ALECK DAMBACHER, LOUIS GIOVANNONI, in their individual capacities,<br><br>         Defendants. | Case No.  2:07-cv-00295-JAM-GGH<br><br>**ORDER ON DEFENDANTS'' MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**<br><br>Date:     October 1, 2008<br>Time:    10:00 a.m.<br>Judge:   Hon. John A. Mendez |

        The motion by Defendants Allen Baroni, Aleck Dambacher and Louis Giovannoni for summary judgment or, in the alternative, summary adjudication came on for hearing in Department 6 on October 1, 2008 before the Honorable John Mendez.  James K. Ward, Esq., of Evans, Wieckowski & Ward, LLP and J. Anthony Abbott, Esq., of Mayall, Hurley, Knutsen, Smith & Green appeared on behalf of Defendants.  Cynthia J. Larsen, Esq., of Orrick, Herrington & Sutcliffe, LLP appeared on behalf of Plaintiffs, Robert Mori and Robert Mori II.

OHS West:260538129.1

PROPOSED ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/SUMMARY ADJUDICATION
2:07-cv-00295-JAM-GGH

PDF created with pdfFactory trial version www.pdffactory.com

After consideration of the evidence, and the written and oral submission by the parties, the Court rules as follows:

**MOTION FOR SUMMARY JUDGMENT**

The motion for summary judgment is DENIED.

**MOTION FOR SUMMARY ADJUDICATION**

1. On the first cause of action for a violation of 42 U.S.C. § 1983, the motion for summary adjudication is DENIED.
2. On the second cause of action for Trespass, the motion for summary adjudication is GRANTED (Issue Number 2).
3. On the third case of action for Conversion, the motion for summary adjudication is GRANTED (Issue Number 1).

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Plaintiffs' objections to Defendants' request for judicial notice of Rules and Regulations adopted by Reclamation District 348 ("District") are SUSTAINED. Accordingly, Defendants' request for judicial notice of these items is DENIED.

As to the additional items that Defendants request be judicially noticed, Plaintiffs did not object to such judicial notice and, accordingly, the Court will judicially notice such items to the extent it deems them relevant to an issue before the Court.

**STATEMENT OF REASONS FOR RULINGS ON SECOND AND THIRD CAUSES OF ACTION (TRESPASS AND CONVERSION)**

It is undisputed that Plaintiffs failed to file a government tort claim in the format specified under California Government Code section 910 et seq. prior to the institution of this action, which includes pendent state law claims for trespass and conversion. This Court does not find that Plaintiffs' prior lawsuits, correspondence, and other exchanges with the District satisfy the substantial compliance doctrine and, therefore, Defendants' request for summary adjudication of the pendent state law claims is granted. Because of this ruling, the Court need not reach the merits of issues 3 through 5 set forth in Defendants' Notice and Motion for Summary Judgment/Summary Adjudication.

PDF created with pdfFactory trial version www.pdffactory.com

**STATEMENT OF REASONS FOR RULING ON FIRST CAUSE OF ACTION (28 U.S.C. Section 1983)**

*Res Judicata* **(Issue Number 7)**

Defendants have argued that the lawsuit entitled *Robert Mori, II v. Reclamation District No. 348* (San Joaquin County Superior Court case number CV 025878) was dismissed with prejudice and therefore bars prosecution of the present action. The order and judgment dismissing that action were entered after a request for dismissal without prejudice by the plaintiff therein. The order and judgment do not state that the case was dismissed with prejudice. Accordingly, that action does not bar the present suit. Furthermore, Plaintiff Robert Mori, II's state law proceeding entitled *Robert Mori, II v. Ford Construction Company, Inc.* (San Joaquin County Superior Court case number CV 027819) is still pending and therefore cannot form the basis for a *res judicata* defense.

**No Unlawful Interference With Any Property Right (Issue Number 9), Quasi-Legislative Acts Do Not Require Due Process (Issue Number 10), and Adequate Notice (Issue Number 11)**

The Court finds that disputed issues of material fact preclude the grant of summary adjudication on Defendants' requests 9-11. For example, a disputed issue of fact arises out of Defendants' prior actions as contrasted with their present assertions. There are also disputed issues of fact regarding communications and representations allegedly made by or on behalf of Defendants to Plaintiffs and concerning the ongoing negotiations between them. Moreover, even if the Court were to accept that the California Water Code provides Defendants a broad mandate to conduct levee work under the District's regulations, there are still disputed issues of material fact as to the nature and longevity of the encroachments, and whether the non-conforming encroachment section of those regulations would have prohibited Defendants' actions. Therefore, because of these and other heavily disputed material facts going to the character of the acts at issue, the Court cannot grant summary adjudication with respect to issues 9-11.

**Absolute Immunity (Issue Number 12)**

This Court is not persuaded by Defendants' absolute legislative immunity argument and declines to grant summary judgment on that basis.

OHS West:260538129.1 - 3 - MASTER CAPTION
2:07-CV-00295-JAM-GGH

PDF created with pdfFactory trial version www.pdffactory.com

**Qualified Immunity (Issue Number 13)**

The three elements necessary to determine whether qualified immunity applies are: (1) an identification of the right allegedly violated; (2) the determination of whether that right was clearly established so that a reasonable official would have been aware of it; and (3) the resolution of whether a reasonable official would have believed that the conduct at issue was lawful.  The Court finds that there are genuine issues of material fact regarding whether a reasonable public official would have believed that the conduct at issue was lawful.  For example, there is a genuine issue of material fact as to whether other landowners negotiated for or were compensated for removal of trees and vegetation as part of the levee rehabilitation process. Therefore, the Court cannot grant summary adjudication to Defendants on the basis of qualified immunity.

**CONCLUSION**

THEREFORE IT IS ORDERED that Defendants' motion for summary judgment/summary adjudication is granted in part and denied in part.  Summary adjudication is hereby granted with respect to the second cause of action (trespass) and the third cause of action (conversion).  Summary adjudication is denied with respect to the first cause of action (42 U.S.C. § 1983).

**IT IS SO ORDERED:**

Dated: November 21, 2008

/s/ John A. Mendez
The Honorable John A. Mendez

PDF created with pdfFactory trial version www.pdffactory.com